LEE ANN DAUPHINOT, Justice,
dissenting.
Because the majority begins with the assumption that only an engineer could adequately perform the acts alleged not to have been performed, I must respectfully dissent. The majority relies on three subsections in the definition of the practice of engineering, none of which I believe apply to Citicorp’s claims.
Subsection (c)(8) includes in the definition of the practice of engineering “engineering for preparation of an operating or maintenance manual.”[1] In other words, if an engineer practices engineering, even if the work is for purposes of preparation of a manual rather than for a physical client project, the work is still considered the practice of engineering.
Subsection (e)(12) includes “any other professional service necessary for the planning, progress, or completion of an engineering service.”[2] This definition makes all stages of the provision of an engineering service part of the practice of engineering, but it does not on its face relate to any task not necessary for the provision of what is otherwise an engineering service.
Subsection (c)(10), as the majority states, includes as the practice of engineering “a service, ... analysis, or other work performed ... in connection with a utility, structure, building, machine, equipment, process, system, work, project, or industrial ... product or equipment of a mechanical ... [or] hydraulic ... nature.”[3] By relying on this section, the majority appears to conclude that because the definition of the provision of engineering services can include work performed in connection with a machine or equipment of mechanical or hydraulic nature, any work performed in connection with any machine or equipment of a mechanical or hydraulic nature is necessarily engineering, and therefore Citicorp’s claims must be based on the provision of engineering services. I disagree. Not all work on all mechanical equipment can be engineering; if it were, even a mechanic changing the oil in a customer’s car would be practicing engineering, and a suit over a negligent oil change would require the expert report of an engineer. Such work is not engineering if it does not require “engineering education, training, and experience” to be adequately performed.[4] To hold otherwise would lead to an absurd result. The majority, however, does not explain why the alleged improperly omitted acts in this case required the education, training, and experience of an engineer to be adequately performed, or why the trial court erred by concluding, after reviewing affidavits of Ci-ticorp’s expert and TDI’s senior vice president, that they did not. Because I believe that Citicorp did not assert claims for damages arising out of the provision of professional engineering services, I respectfully dissent.

. Tex. Occ.Code Ann. § 1001.003(c)(8) (Vernon Supp.2010) (emphasis added).

. Id. § 1001.003(c)(12) (emphasis added).

. Id. § 1001.003(c)(10).

. Id. § 1001.003(b).